EDWARD DREW, ADMINISTRATOR AD PROSEQUENDUM, RESPONDENT, v. PETER B. CREGAR (IMPLEADED WITH HOWARD P. PRATT), APPELLANT.

Submitted July 10, 1922—Decided November 20, 1922.

1. An action was brought by an administrator *ad prosequendum* under the Death act against two physicians, upon the theory that one physician delegated the other as his agent to attend plaintiff's intestate and to deliver her of child, and that it was the duty of the principal, by his agent, to carefully, skillfully and in a proper manner treat and attend the decedent, but that the defendants did not use due care, &c., but carelessly, negligently, &c., treated and attended the decedent, and that as a result of such negligence decedent was seized of a mortal illness and died.

2. The trial court charged the jury that if it was satisfied that it was the duty of the principal to advise his agent of a dangerous condition of the patient and that he failed to do so, that they might determine whether that was negligence on the part of the principal. The jury returned a verdict in favor of the agent and against the principal. *Held*, that the charge was erroneous, as it submitted to the jury an issue which was outside of the pleadings, which were framed entirely upon the theory of negligence of the agent for which the principal was liable, and *held further*, that the case having been tried entirely upon that theory, the complaint should not have been amended so as to sustain the verdict rendered.

On appeal from the Union County Circuit Court.

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the respondent, *Edmund A. Hayes* and *Samuel Schleimer.*

The opinion of the court was delivered by

SWAYZE, J. This is an action brought under the supplement to our Death act. *Pamph. L.* 1917, *p.* 531. The defendants are physicians who were called upon by the present plaintiff, the administrator *ad prosequendum,* to attend his

wife in child birth. At the time of the wife's confinement Dr. Cregar was ill and Dr. Pratt was the physician actually in attendance. We need not consider whether the facts of this case distinguish it from, *Myers* v. *Holborn,* 58 *N. J. L.* 193, as the judgment must be reversed for other reasons. In the course of treatment Dr. Pratt, the attending physician, had to deal with an adherent placenta, which the jury may have found was due to the fact that the husband shortly before the confinement of his wife was affected with gonorrhea. The jury found in favor of Dr. Pratt. Upon the inquiry of the trial judge whether the finding of the jury was such that the negligence upon which they based their verdict was that for which Dr. Cregar himself was responsible, in which Dr. Pratt did not participate, the foreman answered yes, and thereupon the court said: "If that is the case I take your verdict." The finding, therefore, was that Dr. Cregar was not liable on the theory of responsibility for Dr. Pratt's negligence. The question then is whether the case was such that Dr. Cregar could be held for negligence, since the jury had negatived the liability of Dr. Pratt, so that Dr. Cregar could not be held on the theory of *respondeat superior.* The judge had charged that if the jury was satisfied that it was Dr. Cregar's duty to advise the doctor to whom he had turned the case over of the condition that existed, that the husband had gonorrhea and that there was a possibility of infection from it, and if they were satisfied that that had a direct result on the woman's death, they might determine whether that was negligence on the part of Dr. Cregar as a physician, whether he exercised that care which a physician should in those circumstances.

That was the law of the case, and so far as it goes the jury were warranted in finding a verdict in favor of Dr. Pratt and against Dr. Cregar alone. Whether the judge was warranted in charging as he charged on this point is another question. We think that, under the pleadings, he was not so warranted. The complaint was against both physicians, and averred that Dr. Cregar did delegate and appoint as his agent

Dr. Pratt to attend to plaintiff's intestate and to deliver her of the child, and that it was the duty of Dr. Cregar, by his agent and servant, Dr. Pratt, to carefully, skillfully and in a proper manner treat and attend the decedent and deliver the child, and to use care and skill for the delivery of the child in immediately removing the placenta from the uterus of the decedent; that the defendants did not remove the placenta within a proper time and in a careful, skillful and proper manner, and so carelessly, negligently, unskillfully and improperly treated and attended the said decedent as to carry into the uterus infections which, acting upon the retained placenta, caused it to disintegrate and distribute to the uterine veins and thus into the system of the deceased, toxins of such virulence that the body of the deceased became infected, and by reason of said careless, negligent, unskillful and improper treatment and attention the said deceased was seized with mortal illness from which she lingered and languished, and some days later died.

Issue was joined on the complaint and answers traversing the complaint. Clearly, the complaint does not aver negligence on the part of Dr. Cregar along and apart from Dr. Pratt, nor does it aver the negligence upon which the court allowed the jury to find against Dr. Cregar for failure to perform his duty to advise Dr. Pratt of the condition that existed and that the husband had gonorrhea. For very obvious reasons the husband as administrator *ad prosequendum* was not likely to desire the case tried upon the theory that he was responsible for his wife's death, but Dr. Cregar was entitled to be apprised of the ground upon which he was to be held, and entitled to have the issue tried limited to the issue made by the pleadings—the issue he was alone bound to defend. The jury, as the case was tried, held him liable on a ground outside the scope of the case. Whether or not under the act of 1917 a verdict could be rendered in favor of the administrator *ad prosequendum* awarding damages for the loss of a husband, notwithstanding that the husband's conduct was concurrent with the alleged negligence of the

doctors, as a cause of the wife's death (as in *Pennsylvania Railroad Co.* v. *Goodenough*, 55 *N. J. L.* 588), we are not called upon to decide.

If the case had been in fact tried upon the theory of the charge instead of being tried upon the issue tendered and joined, it would be possible to amend the complaint so as to sustain the verdict, difficult as it would be to keep separate the charge of joint liability of the doctors, principal's liability for the agent's acts, and individual liability for a different omission amounting to negligence. The case was not, however, tried upon the theory of the charge in this respect, and the charge itself as to damages was not limited to that theory. The act of 1917 enacts that the amount recovered in every such action shall be for the exclusive benefit of the widow, surviving husband and next of kin of such deceased person, and shall be distributed to such widow, surviving husband and next of kin in proportion provided by law in relation to the distribution of personal property left by persons dying intestate, and in every such action the jury may give such damages as they shall deem fair and just with reference to the pecuniary damages resulting from said death to the wife, surviving husband and next of kin of such deceased person.

Whether or nor this enactment, providing as it does for compensation to the husband, is consistent with such right to compensation as the husband might claim at common law, we need not now decide. At any rate the defendants, if liable at all, might be liable, not merely for the death of the woman, but also for such injury as the husband suffered during the last few days of her life, while she lingered and languished as the complainant avers. It may well be that the husband would have preferred to present to a jury his claim for damages by reason of this suffering regardless of the pecuniary loss from his wife's death under the act of 1917. The husband may have meant to reserve his right to sue for the injury at common law instead of the injury for which the defendant might be liable under the Death act. He has the right to choose his cause of action, and the court cannot by

amendment force another issue upon him. To amend might be opposed to the wish of both parties.

The judge in his charge was careful not to submit to the jury the question of the pecuniary injury to the husband. Throughout what he said as to damages, he referred only to the pecuniary injury to the child, and charged as if the husband had no right to damages under the act of 1917. Perhaps, as we have suggested, he was right in view of the husband's possible responsibility for the infection of his wife, but we cannot say that the issue whether Dr. Cregar was alone liable was tried out, so that an amendment would be justified. Apparently, the plaintiff in his complaint ignored it. The plaintiff, of course, had the right to try his case on the issue he had tendered, and could not be forced to change that issue by amendment of the complaint after the verdict. He made and makes no application to amend. The case is different from the ordinary case, where an amendment is almost a matter of course. We think, therefore, it was erroneous to charge that the plaintiff might recover of Dr. Cregar for his own negligence and acquit Dr. Pratt.

Let the judgment be reversed and the record remitted, to the end that a *venire de novo* may issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   15.